# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 99-60060
Summary Calendar

———————

WENDALL TAYLOR,

Claimant,

JOSEPH G. ALBE,

Petitioner,

VERSUS

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

Respondent.

———————————

Petition for Review of an Order of
the Benefits Review Board
(98-0427)

———————————

August 10, 1999

Before JOLLY, SMITH, and WIENER,
    Circuit Judges.

PER CURIAM:[*]

Joseph Albe seeks review of the amount of attorney's fees awarded in connection with his services provided for a claimant in litigation of a claim under the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 *et seq.* ("LHWCA"). Finding no reversible error, we deny the petition for review.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Wendall Taylor was injured in a work-related fall on March 24, 1992, and filed an administrative claim for benefits under the LHWCA. While his claim was pending before an administrative law judge ("ALJ"), he sued for benefits pursuant to 33 U.S.C. § 905(b) and the Jones Act, 42 U.S.C. § 688(a).

The ALJ awarded temporary total disability benefits from March 25, 1992, until March 25, 1994. The employer was ordered to pay compensation for temporary partial disability benefits from March 22, 1994, until such time as Taylor underwent surgery and recuperated. The ALJ also ordered the employer to pay medical expenses. The ALJ awarded Taylor's counsel, Albe, attorney's fees of $32,572.50 for work performed before the ALJ.

Albe then filed a fee petition with the district director, seeking a fee of $43,689.23, representing 258.75 hours at $150 per hour, plus costs in the amount of $4,871.73, for a total of $43,689.23. Instead, the district director awarded $23,021.25, representing 154.475 hours at 150 hours, plus $4,871.73 in costs.

Albe appealed the district director's award to the Benefits Review Board ("BRB"), claiming that the district director had erred in reducing much of his fee as excessive and duplicative. Conceding that the district director correctly had eliminated fees for 12.8 hours of the award, Albe nonetheless urged the BRB to restore an award totaling $38,817.50. The BRB affirmed the district director's decision, and Albe petitions for review of the BRB's order.

## II.
### A.
We review a decision of the BRB for errors of law and for substantial evidence supporting it. *New Thoughts Finishing Co. v. Chilton*, 118 F.3d 1028, 1030 (5th Cir. 1997). The BRB will not set aside a fee award unless the challenging party shows the award to be arbitrary, capricious, an abuse of discretion, or not in accordance with the law. *Muscella v. Sun Shipbuilding Dry Dock Co.*, 16 BRBS 114, 115 (1984) (citations omitted).

### B.
Albe's claim boils down to one argument: The district director erred by reducing the number of hours awarded by almost one-half on the theory that half of Albe's time should be credited toward his § 905(b) litigation. Albe argues that all of his depositions and conferences with his client were necessary to establish entitlement under the LHWCA. He contends that the fact that this preparation also benefited Taylor's § 905(b) litigation does not mean that half of the hours should not be credited toward his administrative actions.

An attorney is generally not entitled to compensation under the LHWCA for services performed in prosecuting a third-party claim. *Kahny v. Arrow Contractors*, 15 BRBS 212, 227 (1982), *aff'd sub nom. Kahny v. OWCP*, 729 F.2d 777 (5th Cir. 1984). A party challenging a fee award bears the burden of showing that the award is arbitrary, capricious, or an abuse of discretion. *Corcoran v. Preferred Stone Setting*, 12 BRBS 201, 206-207 (1980) (citations omitted).

Albe has not alleged that the BRB committed any legal errors in affirming the district director's decision. Furthermore, we cannot say that the BRB's affirmance is not supported by substantial evidence. Albe has offered us no basis to conclude that it was arbitrary, capricious, or an abuse of discretion for the district director to conclude that the requirements for proof between an administrative claim under the LHWCA and a federal lawsuit are different. He has not explained why the work he did on behalf of the administrative claim required *exactly* the same amount of time as did his work on the § 905(b) litigation.

Therefore, we conclude that the BRB's decision is supported by substantial evidence. The petition for review is DENIED.